Wells Fargo Bank, N.A. v Kohli (2025 NY Slip Op 04937)

Wells Fargo Bank, N.A. v Kohli

2025 NY Slip Op 04937

Decided on September 10, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 10, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
ANGELA G. IANNACCI
LILLIAN WAN
DONNA-MARIE E. GOLIA, JJ.

2023-10073
 (Index No. 10568/14)

[*1]Wells Fargo Bank, National Association, etc., respondent, 
v
Sanjay Kohli, appellant, et al., defendants.

The Law Office of Maggio & Meyer, PLLC, Bohemia, NY (Holly C. Meyer of counsel), for appellant.
McCalla Raymer Leibert Pierce, LLC, New York, NY (Adam D. Weiss of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Sanjay Kohli appeals from an order of the Supreme Court, Nassau County (David P. Sullivan, J.), entered September 1, 2023. The order, insofar as appealed from, upon renewal, in effect, vacated an order of the same court entered December 19, 2022, upon renewal, denying those branches of the plaintiff's prior motion which were for summary judgment on the complaint insofar as asserted against the defendant Sanjay Kohli and granting that branch of that defendant's motion which was for summary judgment dismissing the complaint insofar as asserted against him, and thereupon granted those branches of the plaintiff's prior motion and, in effect, denied that branch of that defendant's motion.
ORDERED that the order entered September 1, 2023, is affirmed insofar as appealed from, with costs.
In 2014, the plaintiff commenced this action against the defendant Sanjay Kohli (hereinafter the defendant), among others, to foreclose a mortgage. The defendant interposed an answer in which he asserted various affirmative defenses. In December 2021, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant and for an order of reference. The defendant opposed the motion. In an order entered September 13, 2022, the Supreme Court, among other things, granted those branches of the plaintiff's motion and referred the matter to a referee to ascertain and compute the amount due to the plaintiff.
In November 2022, based upon this Court's decision and order in Bank of Am., N.A. v Kessler (202 AD3d 10, revd 39 NY3d 317), the defendant moved, in effect, for leave to renew his opposition to those branches of the plaintiff's prior motion which were for summary judgment on the complaint insofar as asserted against him and for an order of reference and for summary judgment dismissing the complaint insofar as asserted against him for failure to comply with RPAPL 1304. In an order entered December 19, 2022, the Supreme Court granted leave to renew and, upon renewal, vacated so much of the order entered September 13, 2022, as granted those branches of the prior motion, and thereupon denied those branches of the prior motion, and granted that branch of [*2]the defendant's motion which was for summary judgment dismissing the complaint insofar as asserted against him.
In May 2023, based upon the Court of Appeals' decision in Bank of Am., N.A. v Kessler (39 NY3d 317), the plaintiff moved, inter alia, for leave to renew its prior motion, among other things, for summary judgment on the complaint insofar as asserted against the defendant and for an order of reference and its opposition to the defendant's prior motion, inter alia, in effect, for leave to renew. In an order entered September 1, 2023, the Supreme Court, among other things, upon renewal, granted those branches of the plaintiff's prior motion and, in effect, denied that branch of the defendant's prior motion which was for summary judgment dismissing the complaint insofar as asserted against him. The defendant appeals.
Contrary to the plaintiff's contention, the issues raised by the defendant on this appeal, such as whether the plaintiff complied with the notice provisions of the mortgage agreement and RPAPL 1304, were expressly raised by the defendant in his opposition to the plaintiff's motion, inter alia, for leave to renew, including by incorporating by reference his opposition to the plaintiff's prior summary judgment motion. Furthermore, while the doctrine of law of the case precluded the Supreme Court from reconsidering the merits of these issues, this Court is not bound under the doctrine of law of the case by a prior determination of the Supreme Court (see Mosher-Simons v County of Allegany, 99 NY2d 214, 218-219; U.S. Bank Trust, N.A. v Longo, 227 AD3d 1122, 1123; Deutsche Bank Natl. Trust Co. v Bancic, 203 AD3d 1130, 1133).
Nevertheless, contrary to the defendant's contention, the plaintiff demonstrated, prima facie, its strict compliance with RPAPL 1304. "A plaintiff demonstrates compliance with RPAPL 1304 through evidence of actual mailing (e.g., an affidavit of mailing or service) or . . . by proof of a sender's routine business practice with respect to the creation, addressing, and mailing of documents of that nature" (U.S. Bank N.A. v Romano, 231 AD3d 1079, 1080 [internal quotation marks omitted]; see U.S. Bank N.A. v Pickering-Robinson, 197 AD3d 757, 759).
Here, in addition to a copy of the 90-day notices and envelope containing United States Postal Service certified and first-class mail tracking numbers, the plaintiff submitted transaction reports from an entity that performed the mailings, listing the certified and first-class mailings that were made, including certified and first-class tracking numbers matching those appearing on the notices, and indicating acceptance of delivery of the certified mailing. The transaction reports were admissible inasmuch as the plaintiff demonstrated that the transaction reports were incorporated into the business records of its servicer and relied upon by the servicer in the regular course of its business (see U.S. Bank N.A. v Romano, 231 AD3d at 1081; U.S. Bank N.A. v Maher, 219 AD3d 1372, 1374-1375; Bank of N.Y. Mellon v Gordon, 171 AD3d 197, 209-210). This admissible evidence served as prima facie proof of the actual mailing of the RPAPL 1304 notices (see U.S. Bank N.A. v Romano, 231 AD3d at 1081; U.S. Bank N.A. v Pickering-Robinson, 197 AD3d at 759; Wells Fargo Bank, N.A. v Benitez, 194 AD3d 986, 987). Similarly, the plaintiff demonstrated, prima facie, that the notice of default required by the mortgage agreement was properly mailed. In opposition, the defendant failed to raise a triable issue of fact as to the plaintiff's compliance with the notice provisions of the mortgage agreement and RPAPL 1304.
The defendant's remaining contention is without merit.
Accordingly, we affirm the order entered September 1, 2023, insofar as appealed from.
BARROS, J.P., IANNACCI, WAN and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court